UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23549

FILED by __PG__ D.C.

DEC 13 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

In re:

Application of ROMAN VIKTOROVICH
TROTSENKO for an Order, Pursuant to 28 U.S.C.
§ 1782, to Obtain Discovery from DMITRY
VALERIEVICH LUTSENKO, MIRAX
DEVELOPMENT LLC, SKY CONCIERGE BY
MIRAX LLC, AND SKY REALTY BY MIRAX
LLC for Use in a Foreign Proceeding

## MOTION TO EXPEDITE CONSIDERATION OF
## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO
## 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Roman Viktorovich Trotsenko ("Trotsenko" or the "Applicant") respectfully moves for expedited consideration of his Ex Parte Application for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery from Dmitry Valerivich Lutsenko ("Lutsenko"), Mirax Development LLC, Sky Concierge by Mirax LLC, and Sky Realty by Mirax LLC For Use in a Foreign Proceeding (the "Application"), dated September 27, 2017.

As described at length in the Application and the Notice of Supplemental Filing, dated November 7, 2017, Trotsenko is currently prosecuting an action in the District Court of Nicosia (the "Cyprus Court") in which he seeks an injunction against Lutsenko to freeze Lutsenko's world-wide assets and the assets of certain of his corporate entities. At the same time, Trotsenko is defending an action brought by Lutsenko in the Cyprus Court seeking a

similar injunction as against Trotsenko (collectively, the "Cyprus Proceedings"). Trotsenko anticipates using information obtained through the Application in the Cyprus Proceedings, both to establish Lutsenko's ownership of certain corporate entities and to support Trotsenko's position with respect to the merits of the Cyprus Proceedings. See Notice of Supp. Filing Ex. B (Aff. of Svetlana Ershova), dated October 17, 2017, ("Ershova Aff.") ¶ 48-49.[1] Preliminary conferences in the Cyprus Proceedings are scheduled to take place on January 17, 2018 and February 8, 2018, during which the Cyprus Court may require Trotsenko to update that court on the progress of the Application.

The ultimate evidentiary hearings in which Trotsenko hopes to use the evidence obtained through the Application are anticipated to take place within the first half of 2018. Thus, Trotsenko respectfully requests an expedited decision from this Court on his Application, so that, if the application is granted, Trotsenko will have sufficient time to serve Lutsenko and for Lutsenko to collect and produce the requested documents and to attend a deposition in time for Trotsenko to submit the evidence to the Cyprus Court. Courts regularly expedite consideration of 1782 applications when the circumstances warrant expedited review. See, e.g., Ex. A (Mot. To Expedite Consideration of *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782, In re: Victor Mikhaylovich Pinchuk, Case No. 13-cv-22857 (S.D.Fla. Sept. 6, 2013), ECF No. 4) (exhibits excluded); Ex. B (Order Granting 1782 Application, In re: Victor Mikhaylovich Pinchuk, Case No. 13-cv-22857 (S.D.Fla. Sept. 20, 2013), ECF No. 5 (granting 1782 application following a motion to expedite)).[2]

---

[1] References to Notice of Supplemental Filing and related exhibits refer to exhibits attached to the Applicant's Notice of Supplemental Filing, dated November 7, 2017, which were put before the Court on November 7 and are not reattached here.

[2] See also Ex. C (Republic of Ecuador and Dr. Diego García Carrión's Emergency Mot. for Expedited Br'g Schedule, Republic of Ecuador v. Hinchee, Case No. 11-mc-0073 (N.D.Fla. July 21, 2011), ECF No. 8 (requesting an expedited briefing schedule in light of the progress of the foreign proceeding)); Ex. D (Order

**Lutsenko Injunction Order**

In October 2017, Trotsenko sought and obtained an interim order (the "Lutsenko Injunction Order") that restricts Lutsenko and certain corporate entities of which he is believed to be an ultimate beneficial owner (the "Lutsenko Corporate Entities") from selling or encumbering their assets up to a value of USD 100 million during the pendency of the arbitration now before the London Court of International Arbitration. See Notice of Supp. Filing Ex. D (Lutsenko Injunction Order), dated October 20, 2017. In seeking the Lutsenko Injunction Order, Trotsenko represented to the Cyprus Court that he was seeking discovery from Lutsenko through this Application. See Notice of Supp. Filing Ex. B (Ershova Aff.) ¶ 48-49. The discovery sought through this Application goes both to the merits of the dispute between the litigants in the Cyprus proceedings and also to establishing Lutsenko's control over the Lutsenko Corporate Entities.

The Cyprus Court has set a hearing for January 17, 2018, by which date the Lutsenko Corporate Entities must submit objections to the interim order. Given the Cyprus Court's inquiry into Lutsenko's control over the Lutsenko Corporate Entities during the hearing on the interim order, and Trotsenko's representation as to why further evidence of Lutsenko's control of the Lutsenko Corporate Entities was unavailable pending a decision by this Court, see Notice of Supp. Filing Ex. C (Supplemental Affidavit), Ex. B (Ershova Aff.) ¶ 48-49, it is possible that the Cyprus Court will seek an update from Trotsenko on the status of the present Application during the January hearing.

---

Granting Mot. to Expedite Br'g Schedule, Republic of Ecuador v. Hinchee, Case No. 11-mc-0073 (N.D.Fla. July 22, 2011), ECF No. 10); Ex. E (Grupo México SAB de CV's Mot. For Expedited Hr'g re: Application for Order Directing Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782, In re: Ex Parte Application of Grupo Mexicano SAB de CV, Case No. 14-MC-0073 (N.D. Tex. Oct. 16, 2014), ECF No. 4 (requesting an expedited hearing in light of progress in the foreign proceeding) (exhibits excluded)); Ex. F (Order Granting Ex Parte Application, In re: Ex Parte Application of Grupo Mexicano SAB de CV, Case No. 14-MC-0073 (N.D. Tex. Oct. 16, 2014), ECF No. 5 (granting 1782 application the day after applicant moved to expedite)).

3

At that hearing, the Cyprus Court will likely schedule a date for a hearing on the merits within three to six months of the January hearing. Any evidence on which Trotsenko will want to rely during the hearing must be submitted to the Cyprus Court in advance of the hearing date. Trotsenko expects that Lutsenko will dispute his ownership of the Lutsenko Corporate Entities, the ownership of which is difficult to definitely prove, absent the discovery sought through this Application, as they are owned through an extensive web of holding companies incorporated in various jurisdictions around the world used by Lutsenko to mask his ownership of assets. As set forth in the Application, Trotsenko's intent in requesting discovery from this Court is in part to obtain evidence to dispute this anticipated argument. Thus, in order for the Application to assist the Cyprus Court in obtaining relevant information that it would find useful, Trotsenko will need to obtain evidence through this Application in advance of the evidentiary hearing.

**Trotsenko Injunction Order**

In July 2017, Lutsenko sought and obtained a similar interim order (the "Trotsenko Injunction Order") freezing the Cyprus assets of Trotsenko and four Cyprus entities owned by Trotsenko (the "Trotsenko Corporate Entities"). On November 30, 2017, the Trotsenko Corporate Entities objected to the Trotsenko Injunction Order. The Cyprus Court then ordered the parties to appear for a procedural hearing on February 8, 2018, at which the Cyprus Court is expected to issue a procedural order scheduling any further appearances or deadlines and scheduling a merits hearing. A merits hearing will likely be scheduled within three to six months of the February hearing.

As in the proceedings commenced by Trotsenko, any evidence on which Trotsenko will want to rely during the hearing must be submitted to the Cyprus Court in advance

of the hearing date. Thus, time is now of the essence in these Section 1782 proceedings to allow sufficient time for Lutsenko to oppose the subpoenas or to negotiate their scope once the subpoenas are issued and, if ultimately required to do so, to gather and provide the requested discovery.

**Conclusion**

For the foregoing reasons, Mr. Trotsenko respectfully requests an expedited ruling on his Application for an order (i) authorizing service of the subpoenas attached to the Application as Exhibits 2-5; (ii) permitting the deposition requested therein; (iii) directing Lutsenko, Mirax Development LLC, Sky Concierge by Mirax LLC, and Sky Realty by Mirax LLC to preserve all evidence related to the subject matter of the Application; and (iv) granting such other and further relief as the Court deems just and proper. See Ex. B (Order Granting 1782 Application, In re: Victor Mikhaylovich Pinchuk, Case No. 13-cv-22857 (S.D.Fla. Sept. 20, 2013), ECF No. 5); Ex. D (Order Granting Mot. to Expedite Br'g Schedule, Republic of Ecuador v. Hinchee, Case No. 11-mc-0073 (N.D.Fla. July 22, 2011), ECF No. 10); Ex. F (Order Granting Ex Parte Application, In re: Ex Parte Application of Grupo Mexicano SAB de CV, Case No. 14-MC-0073 (N.D. Tex. Oct. 16, 2014), ECF No. 5).

Miami, Florida
Dated: December 13 2017

Respectfully Submitted,

*[signature: Adriana Riviere-Badell]*

Adriana Riviere-Badell (Florida Bar No. 30572)
adriana.riviere-badell@kobrekim.com
Gabriela M. Ruiz (Florida Bar No. 46844)
gabriela.ruiz@kobrekim.com
KOBRE & KIM LLP
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
T: +1 305 967 6100
F: +1 305 967 6120

Timothy P. Harkness
*Pro hac vice admission pending*
timothy.harkness@freshfields.com
David Y. Livshiz
*Pro hac vice admission pending*
david.livshiz@freshfields.com
Allison C. Wilson
*Pro hac vice admission pending*
allie.wilson@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
T: +1 212 277 4000
F: +1 212 277 4001

Attorneys for the Applicant